```
ADAM L. BRAVERMAN
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8266
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>$20,000.00 IN U.S. CURRENCY,<br><br>$15,248.00 IN U.S. CURRENCY,<br><br>$3,273.00 IN U.S. CURRENCY,<br><br>　　　　　　Defendants. | Case No. '18CV1779 L    BLM<br><br>COMPLAINT FOR FORFEITURE |

　　By way of complaint against the defendants, $20,000.00 IN U.S. CURRENCY ("defendant $20,000 in currency"), $15,248.00 IN U.S. CURRENCY ("defendant $15,248 in currency"), and $3,273.00 IN U.S. CURRENCY ("defendant $3,273 in currency"), the United States of America alleges:

　　1.　This Court has jurisdiction over this action by virtue of the provisions of Title 28, United States Code, § 1355(a) and Title 21, United States Code, § 881(a)(6), because the defendants $20,000 in currency, $15,248 in currency, and $3,272 in currency constitute money furnished or intended to be furnished in exchange for a controlled

USAO:2018v00247:BCS/ack

substance, or proceeds traceable to an exchange for controlled substances in violation of Chapter 13 of Title 21, United States Code.

2. Venue is proper in this district pursuant to Title 28, United States Code, § 1395(c) because the defendants $20,000 in currency, $15,248 in currency, and $3,273 in currency were brought into this district.

3. During October 2013, in the Southern District of California, Drug Enforcement Administration ("DEA") agents were conducting an investigation of a drug trafficking organization ("DTO") engaged in the smuggling of controlled substances from the Republic of Mexico into the United States via the Southern District of California.

4. When the controlled substances were successfully smuggled into the Southern District of California, members of the DTO, their affiliates and employees, transported the controlled substance north into the Central District of California.

5. When the controlled substances were successfully delivered to designated destinations and individuals in the Central District, the controlled substances would be sold and distributed in exchange for United States currency.

6. When the DTO gathered and collected sufficient drug sales proceeds, in the form of United States currency, members of the DTO, their affiliates and employees, transported the currency through the Southern District of California, and into the Republic of Mexico.

//

7. When the drug sales proceeds in the form of United States currency were successfully smuggled from the Southern District of California, and into Mexico, the DTO, their affiliates and employees, would use the proceeds to pay their Mexican drug suppliers.

8. On November 7, 2013, members of the San Bernardino County Sheriff's Department ("SBCSD"), working with the DEA agents from the Southern District of California, identified Julian Gonzalez ("Gonzalez") as a member of the DTO.

9. On November 7, 2013, in Huntington Park, in the Central District of California, members of the SBCSD working with the DEA agents from the Southern District of California, made contact with Gonzalez.

   A. When contacted by members of the SBCSD, Gonzalez was in possession of a personal use amount of methamphetamine, a Schedule II Controlled Substance.

   B. When contacted by members of the SBCSD, Gonzalez was in possession of $3,273.00 in U.S. currency.

   C. The $3,273.00 found on the person of Julian Gonzalez was seized for forfeiture to the United States government.

   D. The $3,273.00 found on the person of Gonzalez is the defendant $3,273 in currency.

10. On November 7, 2013, Gonzalez gave the members of the SBCSD working with the DEA agents from the Southern District of California permission to search his residence, located in the 2200 block of Zoe Street, Huntington Park, in the Central District of California.

11. On November 7, 2013, members of the SBCSD conducted a consent search of Gonzalez' residence in the 2200 block of Zoe Street.

 A. Inside the residence, a member of the SBCSD discovered $3,200.00 in United States currency on top of a washing machine.

 B. Inside the residence, a member of the SBCSD discovered $8,700.00 in United States currency in the top drawer of a dresser in the master bedroom.

 C. Inside the residence, a member of the SBCSD discovered $3,348.00 in United States currency inside a man's personal carrying bag.

 D. The total amount of United States currency discovered in Gonzalez' residence in the 2200 block of Zoe Street was $15,248.00.

 E. The $15,248.00 found in Gonzalez' residence in the 2200 block of Zoe Street was seized for forfeiture to the United States government.

 F. The $15,248.00 found in Gonzalez' residence in the 2200 block of Zoe Street is the defendant $15,248 in currency.

12. On November 7, 2013, Julian Gonzalez received a telephone call from another member of the DTO, directing Gonzalez to meet an individual at a location in Bell Flower, in the Central District of California, where Gonzalez would receive approximately $20,000.00 in drug sales proceeds in the form of United States Currency.

//

4

13. On November 7, 2013, in the Central District of California, while acting under the direction of members of SBCSD, and in an undercover capacity, Julian Gonzalez met with an unidentified male member of the DTO.

   A. When Gonzalez met with the unidentified member of the DTO, the subject delivered to Gonzalez $20,000.00 in United States currency.

   B. After the unidentified member of the DTO departed, Gonzalez turned over the $20,000.00 in United States currency to a member of the SBCSD.

   C. The $20,000.00 in United States currency Gonzalez received from the DTO member, and turned over to the SBCSD, was seized for forfeiture to the United States government.

   D. The $20,000.00 in United States currency Gonzalez received from the DTO member and turned over to the SBCSD is the defendant $20,000 in currency.

14. Julian Gonzalez told the investigating SBCSD members Gonzalez was a member of the DTO.

   A. Gonzalez explained one of his roles with the DTO was to receive deliveries of drug sales proceeds in the form of United States currency, and deliver the currency to his DTO employers or "bosses" in the Republic of Mexico.

   B. Gonzalez explained on other occasions, his role with the DTO was to receive deliveries of methamphetamine, a Schedule II Controlled Substance.

//
//

C. Gonzalez delivered the methamphetamine to specific destinations or individuals for distribution and resale.

15. On July 25, 2014, in the Southern District of California, an indictment was filed with the U.S. District Court charging defendant Julian Gonzalez with Title 21, United States Code, Sections 841(a)(1) and 846, conspiracy to distribute methamphetamine, a Schedule II Controlled Substance; Title 18, United States Code, Sections 1956(h) and 1956(a)(2), conspiracy to launder money; and Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c), criminal forfeiture.

    A. On August 13, 2014, in the Southern District of California, Julian Gonzalez was arraigned on the indictment, and entered a plea of not guilty.

    B. On August 13, 2014, Julian Gonzalez was released on bond.

    C. On December 18, 2014, in the Southern District of California, a U.S. Magistrate Judge issued an arrest warrant for defendant Julian Gonzalez.

    D. On January 8, 2015, in the Southern District of California, Julian Gonzalez failed to appear for a scheduled hearing before the U.S. District Court, and a warrant was issued for his arrest.

    E. The arrest warrants for Julian Gonzalez remain unserved and outstanding.

//

<u>Count 1</u>

($20,000.00 IN U.S. CURRENCY)

16. Paragraphs 1 through 15 are hereby incorporated herein as if alleged in full.

17. The defendant $20,000 in currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

18. Alternatively, the defendant $20,000 in currency constitutes proceeds of, or proceeds traceable to, an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

19. Alternatively, the defendant $20,000 in currency was used or intended to be used to facilitate an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

20. As a result of the foregoing, the defendant $20,000 in currency is liable to condemnation and to forfeiture to the United States for its use in accordance with Title 21, United States Code, § 881(a)(6).

21. The defendant $20,000 in currency is presently deposited within the jurisdiction of this Court.

<u>Count 2</u>

($15,248.00 IN U.S. CURRENCY)

22. Paragraphs 1 through 15 are hereby incorporated herein as if alleged in full.

23. The defendant $15,248 in currency constitutes money furnished or intended to be furnished in exchange for a

controlled substance, in violation of Chapter 13, Title 21, United States Code.

24. Alternatively, the defendant $15,248 in currency constitutes proceeds of, or proceeds traceable to, an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

25. Alternatively, the defendant $15,248 in currency was used or intended to be used to facilitate an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

26. As a result of the foregoing, the defendant $15,248 in currency is liable to condemnation and to forfeiture to the United States for its use in accordance with Title 21, United States Code, § 881(a)(6).

27. The defendant $15,248 in currency is presently deposited within the jurisdiction of this Court.

## Count 3

($3,273.00 IN U.S. CURRENCY)

28. Paragraphs 1 through 15 are hereby incorporated herein as if alleged in full.

29. The defendant $3,273 in currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

30. Alternatively, the defendant $3,273 in currency constitutes proceeds of, or proceeds traceable to, an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

31. Alternatively, the defendant $3,273 in currency was used or intended to be used to facilitate an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

32. As a result of the foregoing, the defendant $3,273 in currency is liable to condemnation and to forfeiture to the United States for its use in accordance with Title 21, United States Code, § 881(a)(6).

33. The defendant $3,273 in currency is presently deposited within the jurisdiction of this Court.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendants $20,000 in currency, $15,248 in currency, and $3,273 in currency, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared.

DATED: August 1, 2018

ADAM L. BRAVERMAN
United States Attorney

s/ Bruce C. Smith
BRUCE C. SMITH
Assistant U.S. Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$20,000.00 in U.S. Currency, et al.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Bruce C. Smith, Phone: (619) 546-8266
USAO, 880 Front Street, Room 6293, San Diego, CA 92101-8893

Attorneys (If Known)

'18CV1779 L    BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. Section 881
Brief description of cause:
Narcotics trafficking

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 08/01/2018

SIGNATURE OF ATTORNEY OF RECORD: s/ Bruce C. Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## VERIFICATION

I, Christopher Slagh, state and declare as follows:

1. I am a special agent of the Drug Enforcement Administration, and am one of the agents assigned to this investigation.

2. I have read the foregoing complaint and know its contents.

3. The facts set forth in the complaint are based upon my own knowledge or were facts furnished to me by other United States federal, state, or local law enforcement personnel, civilian witnesses, or other official Government sources.

Based on this information, I believe the allegations in the complaint to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on August 1, 2018.

_____
CHRISTOPHER SLAGH, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

USAO:2018v00247:BCS/ack