UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$20,000 IN U.S. CURRENCY et al.,<br><br>Defendants. | Case No.: 18cv1779-L-BLM<br><br>**ORDER GRANTING EX PARTE MOTION TO RECONSIDER AND DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff's Ex Parte Motion for Reconsideration (doc. no. 12) of the Order Denying Plaintiff's Motion for Default Judgment (doc. no. 11 ("Order"). For the reasons which follow, the Government's ex parte application is granted insofar as the Court reconsidered the Order. Nevertheless, the Government's motion for default judgment is denied.

This is a judicial forfeiture action pursuant to 21 U.S.C. § 881(a)(6). Defendants $20,000 in U.S. currency, $15,248 in U.S. currency and $3,237 in U.S. currency were seized from Julian Gonzalez on November 7, 2013 by the Drug Enforcement Administration agents during a drug trafficking investigation. (Doc. no. 1 ("Compl.").) On July 25, 2014, the Government filed an indictment against Gonzalez, charging him with conspiracy to distribute methamphetamine and launder money. (Compl. at 6, case no. 14cr2125-DMS.) Included in the indictment was a count for criminal forfeiture of the

Defendants named herein. (*Cf.* Compl. & case no. 14cr2125-DMS, doc. no. 1.) In the criminal case, Gonzalez was released on own recognizance, but failed to appear at a status hearing on January 8, 2015 pursuant to a pre-trial warrant. (Case no. 14cr2125-DMS, docs. no. 17, 18.) The warrant remains outstanding, and the criminal case remains pending. (*Id.*)

On August 1, 2018, the Government filed the pending civil forfeiture complaint. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1355(a). Defendants have been seized pursuant to *in rem* warrants issued on August 31, 2018 and September 5, 2018. (Docs. no. 4, 5.) Although no proof of service has been filed, the Government's declaration in support of motion for default judgment indicates that on August 5, 2018, a notice of this action was posted on the United States forfeiture website for 30 days pursuant to Federal Rule of Civil Procedure G(4)(a)(iv)(C), and that on August 31, 2018, a copy of the complaint and notice of this action were sent to Gonzalez by Federal Express. (Smith Decl. (doc. no. 10-3) at 2.)

The Government moved for a default judgment. The motion was denied for failure to timely give notice after seizure of the property. (Doc. no. 11.) The Order stated an incorrect statute, however, as the time limitations set by 18 U.S.C. 983(a) apply only to administrative forfeiture proceedings. *See Omidi v. United States,* 851 F.3d 859, 861 (9th Cir. 2017). Accordingly, the Government's motion for reconsideration is granted, and the motion for default judgment is reconsidered.

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following entry of default by clerk. Default was entered in this action on December 3, 2018. (Doc. no. 9.)

Entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir. 1986). In deciding whether to grant a motion for a default judgment, the court must consider the following factors:

/ / / / /

2

18cv1779-L-BLM

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986)). None of the foregoing factors are addressed in the Government's motion. Given that "default judgments are ordinarily disfavored," *NewGen,* 840 F.3d at 616 (quoting *Eitel,* 782 F.2d at 1472), the Court declines granting the Government's motion in the absence of an appropriate showing.

Furthermore, on its face, the complaint discloses a possible due process violation, which the Government also does not address. The motion is denied on this alternative ground.

The Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983 *et seq.* ("CAFRA") "was enacted, in part, to curb what Congress perceived as abuses of the existing civil forfeiture system" because "prior to CAFRA, . . . there was no general-purpose statutory requirement that the government commence a civil forfeiture action-either administrative or judicial-within any specific period of time following the seizure of property." *In re Funds on Deposit,* 919 F. Supp. 2d 169, 172 (D. Mass. 2012) (internal quotation marks and citations omitted). Consistent with the legislative purpose, 18 U.S.C. § 983, titled "General rules for civil forfeiture proceedings," sets deadlines for commencement of administrative and judicial forfeiture proceedings. Generally, notice must be given no later than 60 days after the date of seizure. 18 U.S.C. § 983(a).

However, "administrative forfeiture is the starting point for all other deadlines set forth in the statute." *Funds on Deposit,* 919 F. Supp. 2d at 177; *see also Omidi,* 851 F.3d at 861 (60-day notice deadline applicable only to nonjudicial civil forfeitures). It would appear, therefore that "in drafting CAFRA as it did, Congress mistakenly 'did not consider that not all forfeiture cases begin as administrative forfeitures.'" *Funds on*

*Deposit,* 919 F. Supp. 2d at 177 (quoting Department of Justice Manual Cmt. 9-119.000A, at 9-8133). As a result, "[t]he statute lacks any provision governing when the seizing agency must send notice to an interested party if the agency does not intend to seek administrative forfeiture." *Camacho v. United States,* 2013 WL 12072522 *7 (S.D. Cal. Dec. 18, 2013) (Bencivengo, J.); *see also id.* n.10. This deficiency is vulnerable to the very abuse CAFRA was intended to curb. *See id.* Here, the funds were seized on November 7, 2013. The Government never commenced administrative forfeiture proceedings. (King Decl. (doc. 12-2).) A civil forfeiture action was not filed until more than four and a half years later, on August 1, 2018. (Compl. at 1; Smith Decl. at 2.)

"[T]o avoid this apparent loophole, some courts have held that section 983(a)'s deadlines are measured from the time of seizure, regardless of whether the government initially intended to pursue administrative forfeiture." *Camacho,* 2013 WL 12072522 *7 (citing cases). However, this statutory interpretation is foreclosed. *See Omidi,* 851 F.3d at 861.

In circumstances such as the pending case, the pre-CAFRA due process limitations apply. "An unreasonable delay between seizure of property and a forfeiture action violates a claimant's right to due process." *United States v. Approx. $1.67 Mil. (US) Cash,* 513 F.3d 991, 1001 (9th Cir. 2008) (citing *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. 555, 564 (1983)). Four factors are considered to determine whether delay violates due process: "(1) the length of the delay; (2) the reasons for the delay; (3) the timing of claimant's assertion of his rights; and (4) prejudice to the claimant." *Approx. $1.67 Mil.,* 513 F.3d at 1001 (citations and internal quotation marks omitted). Despite the nearly five-year delay, the Government does not address the issue in its motion. Although the Government may well be able to make an appropriate due process showing, the Court declines granting default judgment without making it.

For the foregoing reasons, the Government's motion for reconsideration is granted, and its motion for default judgment is denied. Denial is without prejudice to refiling the

4

18cv1779-L-BLM

motion with an appropriate showing regarding all applicable factors and supported by citations to binding legal authority.

**IT IS SO ORDERED.**

Dated: April 24, 2019

_____
Hon. M. James Lorenz
United States District Judge