UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>$20,000.00 IN U.S. CURRENCY,<br><br>$15,248.00 IN U.S. CURRENCY,<br><br>$3,273.00 IN U.S. CURRENCY,<br><br>   Defendants. | Case No. 18cv1779-L(BLM)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT BY DEFAULT AGAINST JULIAN GOMEZ GONZALEZ, JR. AND ALL POTENTIAL CLAIMANTS**<br><br>[Doc. no. 15] |

Pending before the Court is Plaintiff Government's noticed motion for default judgment (Doc. no. 15) on a verified complaint for forfeiture. No opposition to the motion was filed or otherwise received from Julian Gomez Gonzalez, Jr. or any other potential claimants. For the reasons which follow, the Government's motion is granted.

This is a judicial forfeiture action pursuant to 21 U.S.C. § 881(a)(6). Defendants $20,000 in U.S. currency, $15,248 in U.S. currency, and $3,237 in U.S. currency were seized from Julian Gonzalez on November 7, 2013 by the Drug Enforcement Administration agents during a drug trafficking investigation. (Doc. no. 1 ("Compl.").) On July 25, 2014, the Government filed an indictment against Gonzalez, charging him with conspiracy to distribute methamphetamine and launder money. (Compl. at 6, case no. 14cr2125-DMS.) Included in the indictment was a count for criminal forfeiture of the Defendants named herein. (*Cf*. Compl. & case no. 14cr2125-DMS, doc. no. 1.) In the

criminal case, Gonzalez was released on own recognizance, but failed to appear at a status hearing on January 8, 2015 pursuant to a pre-trial warrant. (Case no. 14cr2125-DMS, docs. no. 17, 18.) The warrant remains outstanding, and the criminal case remains pending. (*Id*.)

On August 1, 2018, the Government filed a verified Complaint for Forfeiture against the defendants $20,000.00 in U.S. currency, $15,248.00 in U.S. currency, and $3,273.00 in U.S. currency. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1355(a).

Defendants have been seized pursuant to *in rem* warrants issued on August 31, 2018 and September 5, 2018. (Docs. no. 4, 5.) The Government's declaration in support of motion for default judgment indicates that on August 5, 2018, a notice of this action was posted on the United States forfeiture website for 30 days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and that on August 31, 2018, a copy of the complaint and notice of this action were sent to Julian Gomez Gonzalez, Jr. and his attorney by Federal Express. (Smith Decl. (doc. no. 10-3) at 2.) No claim or answer has been filed regarding the above-named defendant properties by Julian Gomez Gonzalez, Jr. or any other potential claimants.

On December 3, 2018, a Declaration of and Request for Clerk's Entry of Default as to Julian Gomez Gonzalez, Jr. and All Potential Claimants was filed in this case. A Clerk's Entry of Default was issued on December 3, 2018. (Doc. no. 9.) On March 9, 2020, the Government filed and served its Notice of Motion and Motion for Judgment by Default as to Julian Gomez Gonzalez, Jr. and All Potential Claimants. (Doc. no. 15.)

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following entry of default by clerk. Entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). In deciding whether to grant a motion for a default judgment, the court must consider the following factors (*Eitel* factors):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Plaintiff's verified complaint sets forth adequate evidence demonstrating the forfeitability of the defendants. Further, Julian Gomez Gonzalez, Jr. and all potential claimants have not come forward to dispute the facts. The Government has demonstrated, by a preponderance of the evidence, that the defendants were properties involved in and proceeds of violations of Title 21, United States Code, Sections 841 and 846, and forfeitable to the United States pursuant to Title 21, United States Code, Section 881(a)(6).

The Government's motion (*see* doc. no. 15-1 at 11-15) adequately addresses the *Eitel* factors to warranty entr of judgment by default. In the alternative, entry of default judgment is appropriate based on the fugitive disentitlement doctrine, 28 U.S.C. § 2466. The Government's motion (*see* doc. no. 15-1 at 15-18) adequately addresses the *Collazos* factors for the application of the doctrine. *See U.S. v. $6,190.00 in U.S. Currency,* 581 F.3d 881, 886 (9th Cir. 2009) (listing factors).

For the foregoing reasons, the Government's motion for entry of default judgment is granted. It is hereby ordered that the interest of Julian Gomez Gonzalez, Jr. and all potential claimants be ordered condemned and forfeited to the United States. In addition, the defendants are hereby condemned and forfeited to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6). Judgment shall be entered on Plaintiff's complaint in favor of the United States of America.

/ / / / /

Costs incurred by the United States Marshals Service, and any other Governmental agencies which were incident to the seizure, custody, and storage of the defendants shall be the first charge against the forfeited defendants.

**IT IS SO ORDERED.**

Dated: October 25, 2020

_____
Hon. M. James Lorenz
United States District Judge